## Commercial Motors Mortgage Corporation v. Calpin.

*Judgment—Opening judgment after argument on pleadings—Day in court.*

1. While the court may open a judgment entered after argument on the pleadings, it will only do so in exceptional cases when necessary to prevent a failure of justice upon something being made to appear fairly accounting for its omission at the proper time.

2. A judgment entered after argument on the pleadings will not be opened on the ground that certain averments in the petition to open had been omitted in the affidavit of defence.

3. In such case the defendant will have been deemed to have waived his privilege to amend his affidavit and to have elected to stand upon it, and he is thereby concluded, as in a case where an issue has been tried by a jury.

Motion to open judgment. C. P. Lackawanna Co., Nov. T., 1920, No. 244.

*Knapp, O'Malley, Hill & Harris,* for plaintiff.

*Donahoe & Helriegel,* for defendant.

NEWCOMB, J.—This motion on part of defendant has been pending since Oct. 27th. Hence, it is after much deliberation—due to the high regard in which the professional opinion of the learned counsel is justly held—that we feel compelled to say the relief asked for cannot be granted without giving countenance to a bad precedent.

The action was replevin, in which judgment for plaintiff was taken neither by default nor *d. s. b.*, but directed after argument *sec. reg.* upon the pleadings. Hence, it is not a case where defendant has had no day in court. On the contrary, he had appeared, taken defence on the merits, and the issue joined thereon had eventually been determined against him, to wit, on Oct. 25th. (See opinion then filed—not reported.) Therefore, what is now asked is that he be accorded another day in order that he may have the benefit of another ground of defence.

This may be within the powers of the court, but it is one which will be exercised, if at all, only in an exceptional case, when necessary to prevent a

failure of justice, upon something being made to appear fairly accounting for its omission at the proper time.

Nothing of this kind is shown here. It is merely stated that the present averment had been omitted from the affidavit—a fact which is self-evident, but unaccounted for.

The point to be borne in mind is this: the sufficiency of the affidavit had been formally challenged. Between that and the date of the hearing there was abundant time to amend the pleading if so desired. Instead of that, defendant saw fit to take up the challenge and stand on his affidavit at its face value.

It follows that the issue, thus voluntarily tendered, having gone against him, his motion now is essentially that of one who seeks to shift the ground of controversy after having suffered an adverse verdict. For had the cause gone to trial by jury instead of the court, he would have been restricted to such defence as he had taken by his pleading, and the result would have been a recovery against him. In that situation he would hardly expect a second trial to be awarded merely to enable him to test the merits of some new matters of defence. He would have been deemed to have made his election and to be thereby concluded.

Perhaps there is a tendency to regard our system of trial on the pleadings as a sort of laboratory practice in which to experiment with the ingredients of a law-suit. If so, it is a mistake. It is not intended to function in that way. This, however, must be understood as without prejudice to the right of amendment upon timely motion, either at bar or pending the exceptions. The time to move is not after the cause has been litigated to a definitive conclusion upon an issue with the terms of which the party had elected to take his chance.

It is not apparent how the relief asked for can be consistently granted, and the motion to open the judgment is, therefore, denied.

From William A. Wilcox, Scranton, Pa.